IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODMEN R. FOSTER, | : |
| | : CIVIL ACTION |
| Petitioner | : |
| v. | : NO. 12-6641 |
| | : |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE, et al., | : |
| | : |
| Respondents | : |

### REPORT AND RECOMMENDATION

**Henry S. Perkin, M.J.**                                                                                           **November 13, 2014**

Presently before the Court is the *pro se* Petition for Writ of Habeas Corpus filed by Rodmen R. Foster ("Petitioner") pursuant to 28 U.S.C. section 2254, and a *pro se* motion for summary judgment filed by Petitioner on June 19, 2014.  On March 7, 2013,  Respondents filed an Answer to Petition for Writ of Habeas Corpus and a Memorandum of Law in Support of Answer to Petition for Writ of Habeas Corpus.  Petitioner's Reply was filed March 13, 2013, and an Amended Reply was filed March 25, 2013.  For the reasons that follow, it is recommended that the Petition for Writ of Habeas Corpus be denied with prejudice and dismissed without an evidentiary hearing.  It is further recommended that Petitioner's motion for summary judgment be denied.

I.      **FACTS AND PROCEDURAL HISTORY**[1]

On May 6, 1992, Petitioner was sentenced to a term of two to seven years imprisonment for aggravated assault and criminal conspiracy by the Court of Common Pleas of Philadelphia County.  On February 22, 1993, Petitioner was sentenced to an additional term of two years and nine months to ten years for robbery and criminal conspiracy.  Because these terms of imprisonment were imposed to run consecutively, they were aggregated into a term of four years and nine months to seventeen years imprisonment.  As calculated by the Pennsylvania Department of Corrections, the original minimum and maximum dates for these convictions were September 11, 1995 and December 11, 2007, respectively.

After serving approximately five years in prison, on January 30, 1997, the Pennsylvania Board of Probation and Parole ("the Board") paroled Petitioner from his sentence.  On July 12, 2001, New Jersey authorities arrested Petitioner for new criminal charges.  Following his release on bail, Petitioner reported to parole supervision staff, who took him into custody on July 16, 2001.  The Board conducted a violation hearing on July 26, 2001, and recommitted Petitioner as a technical parole violator for violating the first condition of his parole (leaving the district without permission) by decision recorded August 27, 2001 and mailed September 5, 2001.  Despite the recommitment, Petitioner's maximum sentence date remained December 11, 2007.  The Board reparoled Petitioner on July 8, 2002.

On September 30, 2002, Petitioner pled guilty to theft by unlawful taking in the Superior Court of New Jersey, Gloucester County, stemming from the July 12, 2001 arrest.  The

---

[1]     This information is taken from the Petition for Writ of Habeas Corpus, the Answer and Memorandum of Law in response to Petition for Writ of Habeas Corpus, Petitioner's Replies, and the attachments to those pleadings.

Superior Court sentenced him to pay fines and costs. The Board detained Petitioner for the conviction on October 10, 2002, but ultimately decided not to recommit him as a parole violator for the conviction. On January 10, 2003, the Board continued Petitioner on parole.

On May 17, 2006, the Bensalem Police arrested Petitioner for new criminal charges, and detained him in the Montgomery County jail. The new criminal charges were subsequently docketed in the Court of Common Pleas of Montgomery County at CP-46-CR-0004194-2006. The Board lodged its detainer against Petitioner that same day. Although Petitioner posted bail from the new criminal charges on June 2, 2006, he remained confined on the Board detainer. On July 27, 2006, Petitioner was returned by authorities to a state correctional institution.

On February 1, 2007, Petitioner pled guilty to retail theft (CP-46-CR-0004194-2006), and received a sentence of six to twenty-three months. On June 15, 2007, the Board conducted a revocation hearing based on the Montgomery County conviction. On July 6, 2007, the Board conducted a violation hearing with respect to Petitioner's violation of the written conditions of his parole. By decision recorded August 1, 2007 and mailed August 17, 2007, the Board recommitted Petitioner as a technical parole violator for two counts of leaving the district without permission, and as a convicted parole violator for the Montgomery County retail theft offense when available. On September 21, 2007, the Court of Common Pleas of Montgomery County issued an order paroling Petitioner from the retail theft sentence (CP-46-CR-0004194-2006).

By decision recorded February 11, 2008 and mailed February 15, 2008, the Board recalculated Petitioner's maximum sentence date from December 11, 2007 to September 7, 2016

based on his recommitment as a convicted parole violator. In setting this new, extended parole release date, the Board determined, consistent with state law that, because Petitioner was recommitted as a convicted parole violator, he was not entitled to credit for any time that he was at liberty on parole. 61 Pa.C.S. § 6138(a)(2); Houser v. Pennsylvania Board of Probation and Parole, 682 A.2d 1365 (Pa. Cmwlth. 1996). Thus, the Board found that a total of 3,610 days were subject to forfeiture by virtue of the fact that Petitioner was recommitted as a convicted parole violator. The Board credited Petitioner for some time periods he spent under parole supervision, concluding that he was entitled under state law to 92 days of credit on his parole violation maximum sentence for detention under a board warrant from October 10, 2002 to January 10, 2003, and was also entitled to an additional 244 days credit for detention from June 2, 2006 to February 1, 2007 because he posted bail on his new criminal charges on June 2, 2006. Crediting Petitioner for these time periods, and calculating his revised parole term from the date upon which he finished service of his new state sentence, the Board set Petitioner's maximum extended parole release date at September 7, 2016.

       Petitioner challenged the Board's action in state court by filing a petition for administrative relief from this decision pursuant to 37 Pa. Code § 73.1. More specifically, on March 5, 2008 and March 6, 2008, the Board received requests for administrative relief from Petitioner challenging the February 11, 2008 decision, including the Board's authority to recalculate his maximum sentence date to September 7, 2016. On April 15, 2008, the Board mailed a response denying Petitioner's requests for administrative relief, and affirming the September 7, 2016 maximum sentence date calculation.

Petitioner appealed the denial of his requests for administrative relief by filing a petition for review with the Commonwealth Court of Pennsylvania on May 5, 2008. Following briefing by both parties, the Commonwealth Court issued an opinion and order on October 20, 2008, which affirmed the Board's calculation of Petitioner's parole violation maximum date. Dissatisfied with this outcome, Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania, which was denied on August 18, 2009.

On August 31, 2009, Petitioner filed a petition for writ of habeas corpus in United States District Court for the Middle District of Pennsylvania. See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 1. In so doing, Petitioner averred that the Board's decision to extend his parole release date beyond the original maximum term of his sentence violated his constitutional rights. See Foster v. Varano, Civil Action No. 09-1691, Dkt. Nos. 1 and 3. In a Report and Recommendation dated March 15, 2010, United States Magistrate Judge Martin C. Carlson recommended that the habeas petition be denied. See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 27. More specifically, after determining that Petitioner had satisfied the exhaustion requirement by submitting "the gist of his complaints to the state courts for consideration," Magistrate Judge Carlson found that the habeas "petition fails because [Petitioner] has not identified state conduct in this case which violates 'the Constitution or laws or treaties of the United States' and led to a fundamental defect which inherently resulted in a complete miscarriage of justice in a fashion which was completely inconsistent with rudimentary demands of fair procedure." See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 27 at 11.

In recommending denial of the habeas petition, Magistrate Judge Carlson reasoned as follows:

> [I]t is well-settled that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence' . . . [and] the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. . . . Therefore, [Petitioner] may not premise his habeas petition on a claim of some constitutional entitlement to parole.
>
> Recognizing this fact, in this case [Petitioner]'s petition attacks another aspect of the parole process: the fact that, under certain circumstances, state law calls for the forfeiture of time spent on parole by criminal recidivists like the petitioner who violate their parole supervision. . . . Thus, at bottom, [Petitioner]'s petition launches a constitutional challenge to the entire structure of Pennsylvania's parole statute. The difficulty with this claim is that it is well-established that this aspect of Pennsylvania's parole statute is constitutional. . . . Indeed, for the past twenty-five years federal courts have expressly considered the provision of state law challenged by [Petitioner], which permits the recalculation and extension of parole release dates for recidivists who violate the terms of their release, and have held that '[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum.' . . .
>
> These observations remain as pertinent and compelling today . . . and continue to rebut any habeas challenge to the parole board's compliance with state law, which refuses to reward parole violators with credit for time spent on parole. Moreover, in this case the parole board persuasively demonstrates that the calculation of this forfeited parole time was careful, accurate and wholly in accord with state law. Therefore ,we find no error in this parole expiration date recalculation.
>
> In short, the extension of [Petitioner]'s parole date does not constitute a violation of a fundamental constitutional right owed to the petitioner. Nor is that extension the product of some sort of conspiracy, as [Petitioner] suggests in his pleadings. Rather, this action represents a straightforward application of a constitutionally valid state law to the repeated misdeeds of a felon, and recidivist.

See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 27 at 13-15 (citations omitted).

On March 30, 2010, Petitioner filed his Objection to the Report and Recommendation.  See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 28.  On April 8, 2010, the Board filed its Brief in Opposition to Objection to Report and Recommendation.  See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 29.  Having considered the foregoing documents, as well as conducting a *de novo* review of the matter, the Honorable Thomas I. Vanaskie, United States Circuit Judge (sitting by designation on the District Court), approved and adopted the Report and Recommendation of Magistrate Judge Carlson on June 28, 2010, and denied Petitioner's habeas petition.  See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 31.  In so doing, Judge Vanaskie noted as follows:

> The gist of [Petitioner]'s claim is that he was not provided with appropriate notice and an opportunity to be heard before the Board issued its decision on February 11, 2008, re-setting the maxiniuni sentence date in light of the August 1, 2007 decision to recommit [Petitioner] as a convicted parole violator. In this regard, [Petitioner] contends that the Board had 'waived' its right to re-calculate the maximum sentence date by failing to take this action prior to December 11, 2007, his original maximum sentence date.
>
> .   .   .
>
> The recommitment decision mandated that he receive no credit for time at liberty on parole.  61 Pa. C. S. § 6138(a)(2).  As the Pennsylvania courts have recognized, 'a parolee who was recommitted as a convicted parole violator automatically forfeits the time spent on parole.' Palmer v. Pennsylvania Board of Probation and Parole, 704 A.2d 195, 197 (Pa. Cmwlth. Ct. 1997). Thus, upon his recommitment as a convicted parole violator, the Board had no discretion to accord [Petitioner] credit against his maximum sentence date for time spent at liberty on parole. Stated otherwise, once the Board recommitted [Petitioner] as a convicted parole violator, the calculation of his new maximum sentence date was a clerical function. Because state law foreclosed [Petitioner] from having any reasonable expectation that his original maximum sentence date would not be extended, the Board did not deny him due process in the issuance of its February 11, 2008 decision

setting the new maximum sentence date.

See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 31 (footnotes omitted).

On July 30, 2010, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit, which was construed as a request for a certificate of appealability. See Foster v. Varano, Civil Action No. 09-1691, Dkt. Nos. 32 and 36. By order dated January 3, 2011, the Third Circuit denied Petitioner's application for a certificate of appealability because he did not make a substantial showing of the denial of a constitutional right. See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 36.

On November 28, 2012, Petitioner filed with this Court a *pro se* Petition for Writ of Habeas Corpus Pursuant to § 2254, his second petition for writ of habeas corpus. See Dkt. No. 1. Having reviewed this initial Petition, the Honorable Stewart Dalzell found, *inter alia*, that Petitioner did not use the current standard form for § 2254 motions as is required in our District. See Dkt. No. 2. For this reason, Judge Dalzell, in an Order dated December 20, 2012, directed that the Clerk of Court furnish Petitioner with a blank copy of the Court's current standard form for habeas corpus relief, and instructed Petitioner to complete the current form and return it for filing. See Dkt. No. 2.

On January 2, 2013, Petitioner filed his revised *pro se* Petition for Writ of Habeas Corpus pursuant to § 2254. See Dkt. No. 3. This Petition was submitted on this Court's current standard form, and indicated Petitioner's intention to seek habeas relief. Petitioner alleges liberty interest and due process violations as a result of the Board's decision to extend his parole release date beyond the original maximum term of his sentence. See Dkt. No. 3 at 8, 10, 12, 13-14. In fact, the issues brought by Petitioner in this Court are the same as the issues presented to the

Middle District in his first habeas petition.

On January 24, 2013, this case was referred to the undersigned by the Honorable Stewart Dalzell for preparation of a Report and Recommendation. Immediately following the referral, the undersigned entered an Order directing that the Attorney General for the Commonwealth of Pennsylvania file a Response to the Petition, attaching copies of the pertinent records, state court orders, memoranda, transcripts, and decisions thereto. Respondents filed their Answer and Memorandum of Law in response to the Petition for Writ of Habeas Corpus on March 7, 2013. See Dkt. Nos. 7 and 8. Respondents contend that Petitioner's application should be dismissed with prejudice.

Petitioner filed a Reply to Respondents answer on March 13, 2013, and filed an amended Reply to Respondents answer on March 25, 2013. See Dkt. Nos. 9 and 10. On June 19, 2014, Petitioner filed another document entitled, "Motion for Summary Judgement Pursuant to Rule 56, Federal Rules of civil Procedure." See Dkt. No. 14. Petitioner filed an "Affidavit of Affirmance in Support of Motion for Summary Judgement" on June 23, 2014. See Dkt. No. 15. Petitioner's motion for summary judgment is essentially a restatement of the issues presented in the instant habeas petition. See Dkt. No. 14 at 15-16. Having reviewed the documents of record in this case, we offer this Report and Recommendation.

## II. DISCUSSION

On August 31, 2009, Petitioner filed a previous petition for writ of habeas corpus in United States District Court for the Middle District of Pennsylvania. See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 1. The August 2009 habeas Petition was denied on the merits by the Honorable Thomas I. Vanaskie, United States Circuit Judge (sitting by designation

on the District Court) on June 28, 2010.  See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 31.  On November 28, 2012, Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus.  In his motion for summary judgment, Petitioner recognizes that the instant habeas petition is "a second or successive application for writ of habeas corpus."  See Dkt. No. 14 at 1.

An amendment to Section 2255 adopted in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the filing of second or successive petitions.[2]  Because Petitioner filed a previous petition after the effective date of the AEDPA, the AEDPA applies in this case.  United States v. Roberson, 194 F.3d 408, 411 (3d Cir. 1999).

28 U.S.C. section 2244, to which the amended section 2255 refers, requires that a petitioner file a motion in the Court of Appeals seeking leave to file a second or successive petition, and declares that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. § 2244(b)(3)(B), (C).  Because Petitioner has not filed the required motion in the Third Circuit, this Court lacks jurisdiction over this habeas Petition, and must dismiss it with prejudice for him to file the

---

[2]  As amended, Section 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

necessary motion in the Court of Appeals.  See Roberson, 194 F.3d at 419.  See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(when a second or successive habeas petition is erroneously filed in district court without the permission of a court of appeals, district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631; statute limits authority of district court to consider second or successive petitions without an order of the court of appeals).

Lastly, it must be determined whether a certificate of appealability should issue.  Third Cir. Local App. R. 22.2.  A federal district court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural rule.  Id.  If the district court correctly invokes a plain procedural bar to dispose of a case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.  In the present case, Petitioner's section 2254 motion is considered a second or successive petition and cannot be considered.  We are convinced that reasonable jurists would not find this conclusion debatable.[3]  Thus, Petitioner has failed to make

---

[3] Moreover, we note that based on the assertions of Respondents at pages 13-15 of their Answer (Dkt. No. 7), and as previously determined by my colleagues in the Middle District, even when considering the merits of the instant habeas petition, it nevertheless fails because Petitioner has not identified any state conduct in this case which violates "the Constitution or laws or treaties of the United States," and has "led to a fundamental

a substantial showing of the denial of a constitutional right, and it is not recommended that a certificate of appealability should be issued.

For all of the foregoing reasons, I make the following:

## RECOMMENDATION

AND NOW, this    13th    day of November, 2014, IT IS RESPECTFULLY RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing.  IT IS FURTHER RESPECTFULLY RECOMMENDED that Petitioner's motion for summary judgment filed June 19, 2014 should also be DENIED.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge

---

defect which inherently result[s] in a complete miscarriage of justice in a fashion which was completely inconsistent with rudimentary demands of fair procedure." See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 27 at 11. "[O]nce the Board recommitted [Petitioner] as a convicted parole violator, the calculation of his new maximum sentence date was a clerical function. Because state law foreclosed [Petitioner] from having any reasonable expectation that his original maximum sentence date would not be extended, the Board did not deny him due process in the issuance of its February 11, 2008 decision setting the new maximum sentence date.  See Foster v. Varano, Civil Action No. 09-1691, Dkt. No. 31.