IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODMEN R. FOSTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF PROBATION | : | |
| AND PAROLE, et al. | : | NO. 12-6641 |

ORDER

AND NOW, this 2nd day of December, 2014, upon consideration of petitioner's petition for a writ of habeas corpus (docket entry # 1), our January 24, 2013 Order referring this case to the Honorable Henry S. Perkin for a Report and Recommendation ("R&R") pursuant to the procedure for the random assignment of habeas corpus cases, Local R. Civ. P. 72.1 and 28 U.S.C. § 636(b)(1)(B), and Judge Perkin's R&R (docket entry # 23), to which neither party has filed an objection, and the Court finding that:

(a) In his R&R, Judge Perkin detailed petitioner's repeated parole violations which ultimately led the Pennsylvania Board of Probation and Parole ("Board") in 2008 to recalculate Foster's maximum sentence date from December 11, 2007 to September 7, 2016, R&R at 2;

(b) As Judge Perkin observed, "In setting this new, extended parole release date, the Board determined, consistent with state law[,] that[] because Petitioner was recommitted as a convicted parole violator, he was not entitled to credit for any time that he was at liberty on parole," id. at 3 (citing 61 Pa.C.S. § 6138(a)(2) and Houser v. Pennsylvania Board of Probation and Parole, 682 A.2d 1365 (Pa. Cmwlth. 1996));

(c) Petitioner challenged the Board's decision, first by filing a petition for

administrative relief in state court, then by filing a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, and, on June 28, 2010, Judge Thomas I. Vanaskie approved Magistrate Judge Martin C. Carlson's R&R recommending denial of the habeas petition, id. at 5-7;

(d) By order dated January 3, 2011, our Court of Appeals denied petitioner's application for a certificate of appealability because he did not make a substantial showing of the denial of a constitutional right, id. at 8;

(e) On November 28, 2012, petitioner filed the instant pro se petition, and following our referral to Judge Perkin, the Commonwealth filed its answer and memorandum of law, id. at 9;

(f) Judge Perkin concluded that the limits on filing second or successive petitions contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") apply here and, as petitioner failed to seek authorization from our Court of Appeals to do so, we lack jurisdiction over this petition, id. at 10;

(g) Consequently, Judge Perkin recommended that this petition be denied with prejudice and, in the absence of any objections from petitioner, we will adopt and approve Judge Perkin's R&R;

(h) In addition, on June 19, 2014 petitioner filed a pro se summary judgment motion, which Judge Perkin recommended be denied;

(i) Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

   (j) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

   (k) We do not believe that reasonable jurists could debate the conclusion that petitioner's Section 2254 motion is a second or successive petition which we are precluded from considering and so we decline to issue a certificate of appealability;

   It is hereby ORDERED that:

   1. The Clerk of Court shall TRANSFER this case from our Civil Suspense docket to our Active Docket;

   2. Judge Perkin's Report and Recommendation is ADOPTED and APPROVED;

   3. Foster's petition for a writ of <u>habeas corpus</u> is DENIED WITH PREJUDICE and DISMISSED without an evidentiary hearing;

   4. Foster's motion for summary judgment is DENIED;

   5. There being no warrant for a certificate of appealability, we DECLINE to issue one; and

   6. The Clerk of Court shall CLOSE this case statistically.

           BY THE COURT:

           <u>/s/ Stewart Dalzell, J.</u>
           Stewart Dalzell, J.